NICHOLAS G. HAMPTON, PROSECUTOR, v. NEW JERSEY REAL ESTATE COMMISSION ET AL., RESPONDENTS.

Argued May 6, 1930—Decided May 16, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Harry R. Coulomb.*

For the respondents, *William A. Stevens,* attorney-general.

PER CURIAM.

This writ brings up a conviction, or similar finding, by the state real estate commission, pursuant to section 13 of chapter 141 of the laws of 1921, entitled "An act to define, regulate and license real estate brokers and salesmen, to create a real estate commission and to provide penalties for the violation of the provisions hereof" (*Pamph. L., p.* 370), which was amended as to title and body by *Pamph. L.* 1925, *ch.* 243, *p.* 672,

The return before us shows that there was a formal trial of the prosecutor before the board, at which a quantity of documentary evidence was produced which has been printed as part of the return. The return also shows that a number of witnesses were sworn and testified, but fails to show the

purport or the substance of that testimony. It is now urged for the prosecutor that the writ should be dismissed for insufficiency of the return because of this last failure.

Our decisions on this point are persuasive that the return should set out the substance of the evidence; and a number will be found collected in the New Jersey Digest under the title of "Criminal Law," section 63, column 3078. A typical case is *Preusser* v. *Cass,* 54 *N. J. L.* 532.

On the other hand, however, it is common practice to direct the summary tribunal to certify as to certain matters occurring on the trial before them which do not appear upon the record. *Smick* v. *Opdycke,* 12 *N. J. L.* 98; *South Brunswick* v. *Cranbury,* 52 *Id.* 298; *Smart* v. *North Hudson County Railroad Co.,* 66 *Id.* 156. The practice is recognized in Supreme Court Rule 164.

An examination of the printed book indicates quite clearly that the oral testimony taken before the commission must have been of considerable importance to that body in reaching its determination that the prosecutor was guilty of a violation of section 13 of the act in some manner; and it is therefore eminently proper that this court should be advised of the testimony on which in large measure it acted.

The case will therefore be continued and the attorney-general may enter a rule calling upon the commission to amend its return by adding thereto the substance of the testimony given by the various witnesses, viz., Mary Pancoast, Charles H. Pancoast, Clarence H. Polhemus, Leo Lewis and Nicholas G. Hampton.

Let a rule be entered accordingly in conformity to rule 164 of this court.